DANIEL ARROYO RODRÍGUEZ, Plaintiff and Appellee, *v.* ROSA MARÍA GONZÁLEZ ETC., Defendants, and MANUEL FERNÁNDEZ LASCLOTAS and JOSÉ FERNÁNDEZ SAN MIGUEL, Defendants and Appellants.

No. 9545. Argued January 13, 1948.—Decided March 20, 1948.

478

V. *Polanco de Jesús* for appellants.  *Otero Suro & Otero Suro* for appellee.

Mr. Chief Justice Travieso delivered the opinion of the Court.

On July 5, 1930, Brígida Rodríguez de Rozas executed an open will before Notary Valentín Polanco de Jesús, signing it at Auxilio Mutuo, Hato Rey, Río Piedras, and the subscribing witnesses were Jesús Suárez García, Adolfo Castrillón Ramos, and Guillermo Estarellas Pagán, who, according to the notary, resided "in this district" (*vecindad*).

Alleging that the above-mentioned testatrix died on July 19, 1930, without issue, legitimate, legitimized, or pending legitimation, and adopted children and leaving as her next of kin her aunt Adelaida Rodríguez Espina, mother of the plaintiff, the latter brought an action to annul the will, on the ground that the above-named witnesses were disqualified, as none of them resided or were domiciled in the place where the will was executed. The defendants answered and denied the essential averments of the complaint, and in addition alleged that the plaintiff lacked legal capacity to sue; that the complaint was ambiguous, unintelligible or uncertain; that there was nonjoinder of parties plaintiff; that the plaintiff had been guilty of laches; and that the action brought was barred. After a

trial was held, the lower court rendered judgment decreeing the nullity of the will on the ground that the witnesses were not residents of, or domiciled in, the place of the execution of the will, with costs and $150 as attorney's fees. Feeling aggrieved by that decision, the defendants took the present appeal, assigning five errors.

■■ The first assignment is subdivided into nine parts. We shall discuss only the first and last subdivisions, as they are the only ones that merit consideration.

(a) It is urged that the court committed manifest error of law in overruling the motion to dismiss the complaint. The defendants argue that the complaint does not state facts sufficient to constitute a cause of action on the ground that, since it is alleged that the testatrix died in 1930 and was survived by her aunt Adelaida Rodríguez Espina, plaintiff's mother, it is inferred that it was incumbent on the latter to bring the action and that, since she failed to do so for thirteen years, she thereby waived the right she had, which died with the person and can not be revived or inherited. In support of this contention they cite numerous American decisions.

The complaint alleges that Mrs. Rodríguez de Rozas did not leave descendants or ascendants of any kind whatsoever, and that her next of kin was her aunt Adelaida Rodríguez Espina, plaintiff's mother, etc. This being so, the mother of the plaintiff was the sole heir of the testatrix. It is so provided by § 910 of the Civil Code, 1930 ed., to the effect that "should there be neither brothers or sisters nor children of brothers or sisters, nor a surviving spouse the other collateral relatives shall succeed to the estate of the deceased." Our Civil Code further provides (§ 603) that "the rights to the succession of a person are transmitted from the moment of his death." If plaintiff's mother survived Doña Brígida Rodríguez de Rozas and died prior to the bringing of this action, any rights which she may have had passed to her son at the time of her death. There is no doubt that certain

strictly personal rights die with the person and are not transmitted to the heirs. And it is true that the right to contest the will was a personal right of the predecessor in interest of the plaintiff. However, we are of the opinion that, although it is a personal right, it is transmissible by inheritance. In this connection, in *Sosa* v. *Morales*, 58 P.R.R. 362, 365, we stated:

"Although under other section of their brief, the appellants maintain that the plaintiff has no cause of action against the defendants because the action exercised has a personal character, and the wrongdoer having died, the cause of action died with him, according to the maxim *actio personalis moritur cum persona*. The maxim cited is exclusively of the common law, and although this Court has always tended to acknowledge to the citizen the full benefit of both juridical systems—the Common Law and the Civil Law—until we create one which contains the best and most just of both, as was said in the case of *P. R. Ry. L. & P. Co.* v. *District Court*, 38 P.R.R. 305, however, we must hold that the principle embodied in the maxim—which we may say in passing is completely discredited in the common law jurisdiction—has never prevailed in the Civil Law, nor can it prevail because it is incompatible with the fundamental principle which holds that the heir is the continuation of the juridical personality of the deceased . . .

" . . . We grant that there are certain very personal rights which die together with the person, such as usufruct, use and habitation, and the life estate which the deceased was enjoying, *patria potestas,* guardianship, etc., but those very personal rights die together with the person, not because the aforesaid maxim is applicable, but because of the limitation contained in the nature of the rights themselves."

■ (*b*) The appellants contend that the action brought by the plaintiff has prescribed.

In this case there is involved a personal action. Section 1864 of the Civil Code provides that personal actions for which no special term of prescription is fixed, prescribe after 15 years. The will was executed on July 5, 1930, and the action was brought on May 31, 1944; hence, there was lacking a year, more or less, to complete the term of prescription.

Since the predecessor in interest had not brought the action within the limitation period, there was nothing to prevent the plaintiff herein from instituting it on time, as her heir.

■ In the second assignment it is urged that the court erred in overruling the motion for a change of venue. The ground for that motion was that the defendant Manuel Fernández Lasclotas was a resident of Ciales and requested that the case be tried in the district where he resided, that is, in the District Court of Arecibo. The lower court correctly decided that "in this case, besides the movants, there are several defendants who reside within the jurisdiction of this court. This being so, and in view of the doctrine laid down by the Supreme Court in *Nieves* v. *Heirs of Mangual,* 31 P.R.R. 523; *Sella Vélez* v. *Pacheco,* 35 P.R.R. 602; and *Muñoz* v. *Benítez Rexach,* 48 P.R.R. 611, the transfer should be denied and the motion overruled."

■ The third assignment relates to the evidence.

The evidence introduced by the plaintiff, which consisted of the testimony of Guillermo Estarellas Pagán, Jesús Suárez García, both witnesses to the will, and Arturo Castrillón Ramos, brother of Adolfo Castrillón Ramos, the third witness to the will, showed that none of them was a resident of, or domiciled in, the city of Río Piedras at the time the will was executed; that at the time of such execution, they were confined in the Auxilio Mutuo, Hato Rey, Río Piedras, as patients, but never had been residents of, or domiciled in, said city. The defendant did not introduce any evidence. The evidence adduced herein is conclusive that the witnesses who signed the document were not residents of, or domiciled in, the place where the will was executed. That being so, there should be applied the § 630 of the Civil Code, which in its pertinent part, reads thus:

"Section 630.—The following can not be witnesses to wills:
"1. . . .
"2. Persons who are not residents or domiciled in the place of the execution, with the exception of the cases excepted by law."

Section 636 of that same code provides that:

"Section 636.—Any will, in the execution of which, the formalities, respectively established in this chapter, have not been observed. shall be void."

In the execution of the will in question there was a failure to comply with the formalities required by § 630, *supra,* since the three subscribing witnesses were not residents of Hato Rey, Río Piedras, nor domiciled therein, and this defect rendered the will void. See *Rodríguez* v. *Rodríguez,* 62 P.R.R. 855.

It is urged in the last assignment that there was error in making an award of attorney's fees. The appellants argue that before attorney's fees can be awarded, obstinacy on the part of the defendant must be shown. In our judgment, such an obstinacy existed, and this is shown, first, by the fact that the defendants who received benefits under the challenged will have failed to appear and only the appellants herein, executors under the will, have appeared; and, second, by the fact that this is a clear case, in which the requisites provided by law for the execution of a will were not complied with.

No error was committed in awarding attorney's fees.

The judgment appealed from should be affirmed.

Mr. Justice Marrero did not participate herein.